UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2015 DEC 17  PM 3: 32

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

------------------------------------------------------X

JAVON LLEWELLYN,

                              Plaintiff,

          -against-

THE CITY OF NEW YORK, Police Officer
PAUL INSAUTO, Shield No. 14771, Police
Officer BRIAN THOMPSON, Shield No. 3125,
Police Officers JOHN DOE ONE through FIVE
in their individual and official capacities as
employees of the City of New York,

                              Defendants.

------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

**CV 15      7182**

MAUSKOPF, J.



The Plaintiff, JAVON LLEWELLYN, by his attorney, The
Rameau Law Firm, alleges the following, upon information and belief
for this Complaint:

## INTRODUCTION

1.     This is a civil rights action for money damages brought
pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the Fourth and
Fourteenth Amendments of the United States Constitution, Article I
Sections 6, 11, and 12 of the Constitution of the State of New York,
and the common law of the State of New York, against the police
officers mentioned above in their individual capacities, and against
the City of New York.

2.     It is alleged that the individual police officer defendants
made an unreasonable seizure of the person of plaintiff, violating his

rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. Plaintiff filed a Notice of Claim on or about March 9, 2015.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

**VENUE**

8.     Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

**PARTIES**

9.     Plaintiff JAVON LLEWELLYN ("plaintiff" or "Mr. Llewellyn") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

10.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11.     Defendant Police Officer PAUL INSAUTO, Shield No. 14771 ("Insauto"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Insauto is sued in his individual and official capacities.

12.     Defendant Police Officer Insauto at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13. Defendant Police Officer BRIAN THOMPSON, Shield No. 3125 ("Thompson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Thompson is sued in his individual and official capacities.

14. Defendant Police Officer Thompson at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights

15. At all times relevant defendants Police Officers John Doe One through Five were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Five.

16. At all times relevant herein, defendants John Doe One through Five were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Five are sued in their individual and official capacities.

17. Defendant Police Officers John Doe One through Five, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18. At all times relevant herein, all individual defendants were acting under color of state law.

19. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and

4

existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

20.   The City was at all material times the public employer of defendant officers named herein.

21.   The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

22.   Plaintiff is an African-American female.

23.   On or about December 11, 2014, at approximately 4:00 a.m., plaintiff was pulled over by an unmarked police vehicle.

24.   Two police officers approached plaintiff and asked for his license and registration. Plaintiff complied.

25.   Thereafter, the officers instructed plaintiff to blow into a breathalyzer. Plaintiff complied. Nevertheless, the officers cuffed plaintiff and slammed plaintiff's head against the car.

26.   An officer punched plaintiff several times in the face and in the ribs. Plaintiff lost consciousness.

27.   When plaintiff came to, he was at Kings County Hospital where physicians treated plaintiff for a series of injuries including a gash above the right eye.

28.   Plaintiff was thereafter taken to a police precinct. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff assaulting police officers. At no point did plaintiff assault an officer.

29.   Ultimately, plaintiff was taken from the police precinct to Kings County Central Booking. Plaintiff was arraigned.

30.   Charges of assault against plaintiff were false and later dismissed.

31.   At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence, support and the authority of their office to each other.

32.   All of the above was done in violation of state and federal law.

33.   The conduct of the defendant officers directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

34.    As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

    ii. Loss of his physical liberty;

    iii. Physical pain and suffering and emotional trauma and suffering.

## FIRST CLAIM
### 42 U.S.C. § 1983

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

37.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

38.  Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.  By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

40.  Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41.  As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Excessive Use of Force, 42 U.S.C. § 1983 Against All Defendants

42.  Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

43.  The Defendants intentionally touched Plaintiff for both incidents.

44.  The Defendants' touching of Plaintiff involved the use of excessive physical force and caused and/ or exacerbated serious injuries to Plaintiff.

45.  Plaintiff did not consent to the excessive physical contact

8

by any of the Defendants, and they lacked legal justification, excuse, or privilege for their conduct.

46. By virtue of the foregoing, the Defendants each deprived Plaintiff of his right under the Fourth Amendment to the United States Constitution to be free from the excessive use of force.

47. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged

## FOURTH CLAIM
## Malicious Abuse Of Process

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants issued legal process to place Plaintiff under arrest.

50. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault upon plaintiff.

51. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

52.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

53.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.   Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

55.   Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

56.   Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

57.   Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

58.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## Intentional Infliction of Emotional Distress

59.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.   By reason of the foregoing, and by assaulting, battering, and causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

61.   The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

62.   Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

63.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

11

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

64.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.   By reason of the foregoing, and by assaulting, battering, and causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

66.   The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

67.   Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff.  Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

68.   As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

69.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71.   Accordingly,  the  defendants  who  failed  to  intervene violated the Fourth, Fifth And Fourteenth Amendments.

72.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### *Monell*

73.   Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.   This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

75.   The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers  lacking  the  intellectual  capacity  and  moral  fortitude  to

discharge their duties in accordance with the constitution and is indifferent to the consequences.

76.   The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

77.   City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

78.   The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

79.   These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a)   Award compensatory damages against the defendants, jointly and severally;

(b)   Award punitive damages against the individual defendants, jointly and severally;

14

15

(c)    Award costs of this action to the plaintiff;

(d)    Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)    Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:    December 17, 2015
          Brooklyn, New York

Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:    All  Defendants
       Corporation Counsel  of the  City of New York

15